UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO:

| | |
|---|---|
| WEST BEND INSURANCE COMPANY,<br><br>     Plaintiff,<br><br>v.<br><br>CLIMBAVL, LLC, JASPER FIDLER, A MINOR BY AND THROUGH HER GUARDIAN AD LITEM, JEFFREY R. MONROE, GREGORY A. FIDLER, AND KORI M. MITCHELL<br><br>     Defendants. | **COMPLAINT FOR DECLARATORY JUDGMENT** |

NOW COMES Plaintiff, West Bend Insurance Company ("West Bend"), complaining of Defendants, ClimbAVL, LLC, Jasper Fidler, a Minor by and through her Guardian ad Litem, Jeffrey R. Monroe, Gregory A. Fidler, and Kori M. Mitchell (collectively "Defendants") and seeking a declaratory judgment, alleges and states as follows:

## I.    PARTIES, JURISDICTION AND VENUE

1.    This is a Complaint for declaratory judgment pursuant to 28 U.S.C. § 2201, *et seq.,* and Rule 57 of the Federal Rules of Civil Procedure, in which West Bend seeks a determination of its rights and responsibilities under a specific policy of insurance issued to ClimbAVL, LLC ("ClimbAVL") under policy number B047003 ("Policy").

2.    ClimbAVL is a limited liability company duly formed and existing by virtue of the laws of the State of North Carolina, with its principal place of business at 173 Amboy Road, Asheville, Buncombe County, North Carolina.

3.      Defendant Jasper Fidler, is under the age of 18 and it is a citizen and resident of Pittsboro, Chatham County, North Carolina.

4.      Defendant Jeffrey Monroe is the duly appointed Guardian ad Litem of Defendant Jasper Fidler and is a citizen and resident of Pittsboro, Chatham County, North Carolina.

5.      Defendant Kori Michelle Mitchell is a citizen and resident of Pittsboro, Chatham County, North Carolina.

6.      Defendant Gregory Allan Fidler is a citizen and resident of Bakersville, Mitchell County, North Carolina.

7.      West Bend is a Wisconsin corporation which is involved, among other things, in the business of providing commercial general liability insurance in the State of North Carolina.

8.      The matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), inclusive of interest and costs.

9.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) in that ClimbAVL has its principal office in this judicial district and the Policy was issued and delivered to ClimbAVL in this judicial district.

## II.     FACTUAL BACKGROUND

11.     The Policy issued by West Bend to ClimbAVL has a policy period of March 31, 2022 to March 31, 2023.  A true and accurate copy of the Policy is incorporated and attached hereto as Exhibit 1.

12.     The Policy provides Commercial General Liability coverage to ClimbAVL pursuant to its terms, conditions and exclusions.

13.     The sole named insured on the Policy is ClimbAVL.

14.     Specifically relative to this matter, the Policy provides that no person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a named insured in the Declarations pursuant to Section III – Limits of Insurance in the Commercial General Liability Coverage Form.

15.     On or about July 25, 2024, Defendants Jasper Fidler, Jeffrey R. Monroe, Gregory A. Fidler and Kori M. Mitchell filed a Second Amended Complaint against ClimbAVL, Ethan Fletcher and Pisgah Climbing, LLC d/b/a "Pisgah Climbing and Outdoor Guides" ("Pisgah Climbing") in Chatham County Superior Court under Civil Action No. 23-CVS-157 (the "Underlying Lawsuit").  A copy of the Second Amended Complaint is attached hereto as Exhibit 2.

16.     The Underlying Lawsuit alleges that Jasper Fidler sustained bodily injury resulting in damages to Jasper Fidler, Jeffrey R. Monroe, Gregory A. Fidler and Kori M. Mitchell as a result of a rock climbing incident that occurred on June 24, 2022.

17.     The Underlying Lawsuit contains a third cause of action for joint venture negligence of ClimbAVL and Pisgah Climbing.

18.     In particular, it is contended that ClimbAVL agreed to form a joint venture with Pisgah Climbing and that the injuries and damages sustained in the rock climbing incident were a direct and proximate result of the negligence of the joint venture between ClimbAVL and Pisgah Climbing.

19.    ClimbAVL has sought indemnity and defense from West Bend pursuant to the Policy for the claim of joint venture negligence made in the Underlying Lawsuit.

20.    Pursuant to the terms, provisions and exclusions of the Policy, West Bend is not obligated to defend or indemnify ClimbAVL for the allegations in the Underlying Lawsuit.

### III.    COUNT I – DECLARATORY JUDGMENT

21.    West Bend incorporates as if fully set forth herein the allegations contained within the above paragraphs.

22.    The claims and damages sought in the Underlying Lawsuit are not covered under the Policy issued to ClimbAVL by West Bend.

23.    There exists an actual, substantial and justiciable issue in controversy between the parties hereto with respect to West Bend's obligation to defend and indemnify ClimbAVL for any damages sought or obtained in the Underlying Lawsuit.

24.    A judicial determination and a declaration of the rights and obligations of the parties is necessary and appropriate at this time as West Bend has no adequate remedy at law which will resolve the current controversy.

25.    West Bend is entitled to a declaration from the Court that it is not obligated to defend or indemnify ClimbAVL for the allegations in the Underlying Lawsuit or any other lawsuit that may be brought pertaining to the same or similar allegations.

WHEREFORE, West Bend prays for relief as follows:

1.    For a declaration that the Policy does not provide coverage for the claims in the Underlying Lawsuit;

2.      For a declaration that West Bend is not obligated to defend or indemnify ClimbAVL in the Underlying Lawsuit or any other lawsuit that may be brought pertaining to the same or similar allegations;

3.      For an award of attorneys' fees and costs pursuant to law; and

4.      For such other and further relief as the Court may deem just and proper.

This the 8th day of October, 2024.

/s/Heather G. Connor
HEATHER G. CONNOR
Bar No:  27653
Attorney for West Bend Insurance Company
McAngus Goudelock & Courie, PLLC
Post Office Box 30307
Charlotte, North Carolina 28230
(704) 643-6303
heather.connor@mgclaw.com